UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY WHITE,

    Plaintiff,

v.                                         Case No. 3:25cv955-LC-HTC

WARDEN QUINN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy White, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 arising out of his conditions of confinement at Santa Rosa Correctional Institution. Doc. 1. After reviewing the complaint, the undersigned concludes this action should be dismissed because White has failed to truthfully disclose his litigation history.

**I.    Legal Standard**

Because White is a prisoner proceeding *in forma pauperis* and seeking relief from government officials or entities, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). Additionally, the Court has inherent power to dismiss an action for a plaintiff's failure to comply

with orders of the Court, this Court's local rules, or for abusing the judicial process. *See McNair v. Johnson*, 2025 WL 1923126 (11th Cir. July 14, 2025).

## II. Discussion

Section VIII of the Court's approved complaint form requires plaintiffs to disclose their prior litigation history. The form advises plaintiffs that "failure to disclose all prior state and federal cases … may result in the dismissal of this case." Doc. 1 at 8. The form also advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified. *Id.* Question A. asks the plaintiff to identify "any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." Doc. 1 at 9. Question C. asks the plaintiff to identify "any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" *Id.* at 10.

White answered "Yes" to Question A., but he failed to identify any cases. Instead, he stated that his property had been thrown away and that he did not recall his case numbers. White answered "No" to Question C., and did not identify any cases.

Based on this Court's independent investigation, White has failed to disclose, at least, the following cases: *White v. Pratt et al.*, 3:23-cv-24634-LC-ZCB, at Doc. 9 (N.D. Fla. Mar. 7, 2024) (case challenging conditions of confinement, which was

dismissed for failure to state a clam); *White v. Hayes, et al.*, 3:25-cv-489-MW-ZCB, at Doc. 1 (N.D. Fla. Apr. 10, 2025) (case challenging conditions of confinement, which is currently pending).

Despite these omissions, White signed the complaint form under penalty of perjury. *Id.* at 13. White's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If White suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

Also, White's purported lack of memory or lack of access to his legal materials does not justify his failure to truthfully disclose his litigation history. *See Sheffield v. Brown*, 2023 WL 9105658 at *3 (N.D. Fla. Dec. 14, 2023) ("Plaintiff could have requested his litigation history from the appropriate clerks of the various courts…[a]s such, Plaintiff simply cannot blame his faulty memory for his failure to respond to the questions."); *see also Owens v. Oliver*, 2020 WL 6302330 at *2 (N.D. Fla. Sept. 23, 2020) ("Thus, Owens's explanation—a faulty memory regarding cases filed long away—rings hollow. His explanation simply is not credible. Furthermore, Owens could have—but failed to—seek a list of his cases from the respective clerk

of courts to ensure that he had not omitted any cases from his litigation history."); *see also Beshears v. Marion Cnty. Bd. of Cnty. Comm'rs*, 2020 WL 5949790, at * 2 (11th Cir. Apr. 20, 2020) ("District Court acted within its discretion in finding that Mr. Beshears's explanation for his failure to disclose this information - … that he suffered from memory loss – was not a credible or persuasive reason for failing to disclose his numerous other lawsuits"). Indeed, the Court notes that one of the cases White failed to disclose was filed just a few months ago. And, even if White did not have the case numbers, he could have provided other case information.

An appropriate sanction for White's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete

information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and this Court's inherent power for White's failure to truthfully disclose his litigation history.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 16th day of July, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1.